David M. Lilienstein   (State Bar No. 218923)
DL LAW GROUP
345 Franklin St.
San Francisco, California 94102
Telephone: (415) 678-5050
Facsimile:  (415) 358-8484
E-mail:  david@dllawgroup.com

Attorney for Plaintiff,
DEANNA SPINA

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANNA SPINA,<br><br>      Plaintiff,<br><br>      v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, KAISER FOUNDATION HEALTH PLAN, INC. LONG TERM DISABILITY PLAN, and DOES 1 through 10,<br><br>      Defendants. | Case No.  C 14-3516<br><br>**COMPLAINT FOR: BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974 (ERISA); ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS** |

Plaintiff, Ms. Deanna Spina ("MRS. SPINA," or "PLAINTIFF"), herein sets forth the allegations of this Complaint against Defendants METROPOLITAN LIFE INSURANCE COMPANY ("METLIFE"), and the KAISER FOUNDATION HEALTH PLAN INC. LONG TERM DISABILITY PLAN, and DOES 1 through 10.

### PRELIMINARY ALLEGATIONS

### JURISDICTION

1.     Plaintiff brings this action for relief pursuant to Section 502 (a) (1) (B) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. Section 1132 (a) (1)

1

**COMPLAINT**                                                                                             Case No. C-14-3516

(B), and 29 U.S.C. Section 1132 (c) (1), and for equitable relief pursuant to ERISA Section 502 (a) (3), 29 U.S.C. Section 1132 (a) (3). This Court has subject matter jurisdiction over Plaintiff's claim pursuant to ERISA Section 502 (e) and (f), 29 U.S.C. Section 1132 (e), (f), and (g) and 28 U.S.C. Section 1331 as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. Section 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan named as a Defendant. Plaintiff seeks relief, including but not limited to: past disability benefits in the correct amount related to Defendant(s') improper denial of Plaintiff's disability claim; prejudgment and postjudgment interest; and attorneys' fees and costs.

**VENUE**

2. Defendants may be found in San Francisco Bay Area, including but not limited to the City and County of San Mateo, therefore venue is proper under 29 U.S.C. §1132(e).

3. This action may be assigned to the San Francisco Division pursuant to Local Rule 3-2.

**PARTIES**

4. At all relevant times, Plaintiff was a participant, as defined by ERISA Section 3 (7), 29 U.S.C. Section 1002 (7), in Defendant KAISER FOUNDATION HEALTH PLAN, INC., LONG TERM DISABILITY PLAN ("the Plan"), underwritten by Defendant METLIFE.

5. Plaintiff was at all times relevant an employee of Kaiser Permanente, and was a resident of California.

6. At all relevant times, the Plan was an employee welfare benefit plan within the meaning of ERISA Section 3 (1), 29 U.S.C. Section 1002 (1), sponsored by Plaintiff's employer. At all relevant times, the Plan offered, *inter alia*, short-term ("STD") and long-

term disability ("LTD") benefits to employees, including Plaintiff. This action involves claims made and denied under the LTD plan.

## FACTS

7. Plaintiff worked at Kaiser as a senior level scheduling clerk.

8. Plaintiff suffered from breast cancer. She underwent a modified radical bilateral mastectomy, intensive chemotherapy and surgical reconstruction. Subsequent to the chemotherapy treatments, Plaintiff suffers on a daily basis from blurry vision, nausea, clenched teeth, headaches, forgetfulness, restlessness, physical and mental exhaustion, fatigue, and loss of concentration. Any kind of exertion, and particularly work, exacerbates these conditions.

9. Despite her post-cancer conditions, Mrs. Spina has done her best to continue working. However, her conditions, and the accompanying restrictions and limitations, limit her to a very limited schedule, part-time, in a greatly reduced capacity from her pre-cancer occupational duties and responsibilities. Mrs. Spina cannot concentrate as she could previously, and her body regularly breaks down due to Chronic Fatigue, rendering her completely unable to work, or to function normally.

10. Due to her ongoing fatigue and related conditions, Mrs. Spina's body shuts down by the afternoon and she takes naps daily. Even basic activities of daily living are compromised. For example, Mrs. Spina can no longer perform most housework, cook, or take her daughter outside for activities as often as she used to, prior to her cancer diagnosis and treatment.

11. Medical professionals who have treated Plaintiff confirm that Plaintiff is unable to return to full-time work as a result of her difficulty focusing, blurred vision, nausea, headaches, physical and mental strain, chronic fatigue, and lethargy.

12. As a result of her disabling conditions, Plaintiff filed a claim for long term disability benefits with Defendants. Defendants initially approved Mrs. Spina's claim, however, despite no improvement in her conditions, Defendants denied Mrs. Spina's long term disability claim and terminated payment of all benefits.

13. Plaintiff appealed the denial of her long term disability benefits on approximately March 31, 2014.

14. Forty-five days later, Defendants had neither issued a decision regarding Plaintiff's appeal, nor did Defendants request an additional 45 days to make a decision, as allowed, for good cause, under ERISA. Defendants' only communication with Mrs. Spina, was dated June 24, eighty-five days after her appeal was made, at which time Defendants simply stated they were not yet able to issue their decision concerning this appeal.

15. By July 31, one hundred and twenty-three days after Plaintiff filed her appeal, Defendants had still not issued a decision. Nor had Defendants provided any guidance that the appeal would be granted, or that any decision would be forthcoming.

16. As a result, under the ERISA statutes and the caselaw that has developed around ERISA, Plaintiff's appeal is "deemed denied," and Plaintiff has exhausted all administrative remedies regarding the denial of Plaintiff's claim for LTD benefits.

17. Plaintiff timely appealed METLIFE's denial of her LTD benefits. To date METLIFE has not paid Plaintiff LTD benefits due her under the terms and conditions of her Plan, or even rendered a decision regarding Plaintiff's appeal.

## CLAIM FOR RELIEF
**(Against all Defendants , For Plan Benefits, Enforcement and Clarification of Rights, Prejudgment and Postjudgment Interest, and Attorney's Fees and Costs, Pursuant to (ERISA Section 502 (a) (1) (B), 29 U.S.C. Section 1132 (a) (1) (B))**

18. Plaintiff incorporates Paragraphs 1 through 16 as thoroughly set forth herein.

19. ERISA Section 502 (a) (1) (B), 29 U.S.C.A. Section 1132 (a) (1) (B) permits a plan participant to bring a civil action to recover benefits due under the terms of the plan and to enforce Plaintiff's rights under the terms of a plan.

20. At all relevant times, Plaintiff has been totally disabled under the terms and conditions of the LTD plan at issue herein.

21.     By DENYING Plaintiff's LTD claim and refusing to issue a timely decision on Plaintiff's appeal, Defendants have violated, and continue to violate, the terms of the Plan, the terms of ERISA, and Plaintiff's rights thereunder.

22.     The provisions of an ERISA plan should be construed so as to render none nugatory and to avoid illusory promises.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that the Court grant the following relief:

A.     Declare that Defendants, and or each of them, violated the terms of the Plan by declining to provide Plaintiff with LTD benefits;

B.     Order Defendants, and or each of them, to pay Plaintiff LTD benefits due, together with prejudgment interest on each and every such benefit payment through the date judgment at the rate of 9% compounded;

C.     Order statutory penalties available under 29 U.S.C. §1132(c)(1);

D.     Award Plaintiff reasonable attorney's fees and costs of suit incurred herein pursuant to ERISA Section 502 (g), 29 U.S.C. Section 1132 (g);

E.     Provide such other relief as the Court deems equitable and just.

Dated: August 5, 2014

Respectfully submitted,

DL Law Group

By: _____/s/_____
David M. Lilienstein, Esq.
Attorneys for Plaintiff, DEANNA SPINA